UNITED STATES of America,
Plaintiff–Appellee,

v.

Pedro BRISENO–MARIN, a.k.a. Juan
Lopez–Lopez, a.k.a. Sergio Marin–
Hernandez, Defendant–Appellant.

No. 10–30174.

United States Court of Appeals,
Ninth Circuit.

Submitted Feb. 15, 2011.*

Filed Feb. 17, 2011.

* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Pamela Jackson Byerly, USSP—Office of the U.S. Attorney, Spokane, WA, for Plaintiff–Appellee.

Matthew Campbell, Assistant Federal Public Defender, FPDWA—Federal Public Defender's Office, Spokane, WA, for Defendant–Appellant.

Before: CANBY, FERNANDEZ, and M. SMITH, Circuit Judges.

## MEMORANDUM [**]

Pedro Briseno–Marin appeals from the 24–month sentence imposed upon revocation of supervised release. We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

■ Briseno–Marin contends that the district court procedurally erred by failing to: (1) calculate the advisory Guidelines range; (2) remain cognizant of the guidelines throughout sentencing; and (3) adequately explain the reasons for the sentence imposed. The record reflects that the district court did not procedurally err.

[**] This disposition is not appropriate for publication and is not precedent except as provid-

*See United States v. Carty,* 520 F.3d 984, 991–95 (9th Cir.2008) (en banc). Moreover, any such error by the district court did not affect Briseno–Marin's substantial rights. *See United States v. Olano,* 507 U.S. 725, 734–35, 113 S.Ct. 1770, 123 L.Ed.2d 508 (1993).

■ Briseno–Marin also contends that his sentence is substantively unreasonable. The sentence was reasonable in light of Briseno–Marin's continued recidivism, the need for deterrence, and the breach of trust as evidenced by Briseno–Marin's illegal reentry a mere month after his last deportation. *See* U.S.S.G. Ch.7, Pt. A(3)(b); *see also Carty,* 520 F.3d at 993.

**AFFIRMED.**